UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL<br>INSURANCE COMPANY,<br><br>    **Plaintiff,**<br><br>v.<br><br>**IVAN'S PAINTING LLC, et al.,**<br><br>    **Defendants.** | }<br>}<br>}<br>}<br>}<br>}<br>}   **Case No.: 7:21-CV-945-RDP**<br>}<br>}<br>}<br>}<br>} |

## MEMORANDUM OPINION

This case is before the court on Frankenmuth's Motion to Strike Count IV and Dismiss Count V of TCC, Inc.'s Cross-claim and Counterclaim Complaint. (Doc. # 15). The motion is fully briefed (Docs. # 16, 21, 25) and ripe for decision. For the reasons provided below, the motion is due to be granted in part and denied in part.

**I.     Background**

TCC, Inc. was the general contractor for the construction of a new home in Tuscaloosa County. (Docs. # 1 at 10; 11 at 6). Ivan's Painting entered into a subcontract with TCC to perform the painting and cleaning of window units. (Doc. # 1 at 10). The subcontract required Ivan's Painting to purchase an insurance policy that named TCC as an additional insured. (Doc. # 11 at 7). Ivan's Painting provided TCC with a certificate of insurance that identified Frankenmuth Frankenmuth Mutual Insurance Company as the insurer and verified that TCC was named an additional insured. (*Id.* at 8).

Ivan's Painting allegedly damaged eighty-seven windows at the new construction. (Docs. # 1 at 10; 11 at 11). The homeowners demanded that TCC replace the damaged windows. (*Id.*). As a result, TCC and Ivan's Painting made a claim to Frankenmuth for the cost of replacing the

damaged window units. (Doc. # 1 at 11). Frankenmuth responded to the claims by indicating that TCC may qualify as an additional insured under the policy but it "effectively denied coverage." (Doc. # 11 at 12).

Frankenmuth filed this declaratory judgment action asking the court to declare that its policy does not provide coverage to either Ivan's Painting or TCC for "loss from or related to the damage to the window units." (Doc. # 1 at 15). TCC also filed a counterclaim alleging two pertinent causes of action: (1) a declaratory judgement claim seeking a declaration that Frankenmuth's policy covers TCC's claim and (2) a breach of contract claim seeking damages for Frankenmuth's failure to abide by the terms of its insurance policy. (Doc. # 11 at 14-15). Frankenmuth asks the court to strike TCC's declaratory judgment claim under Rule 12(f) of the Federal Rules of Civil Procedure and to dismiss TCC's breach of contract claim under Rule 12(b)(6). (Doc. # 15).

## II.     Standards of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

When confronted with a motion to strike a pleading matter, Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice …." *Augustus v. Bd. of Public Instruction of Escambia Cnty. Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted). Generally,

a motion to strike should be denied unless the challenged allegations in the complaint "have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Royal Ins. Co. of America v. M/Y Anastasia*, 1997 WL 608722 at *3 (N.D. Fla. 1997) (citing *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995)). In other words, "it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004) (citations omitted).

**III.     Analysis**

As explained more fully below, TCC's Cross-claim and Counterclaim Complaint is a shotgun pleading. The court will provide TCC an opportunity to replead. But, having said that, at present Frankenmuth's motion to strike and dismiss is due to be denied because there has not been a showing of adequate prejudice to justify striking the declaratory judgment claim in Count IV, nor has Frankenmuth established that the no-action clause precludes the possibility of stating a viable breach of contract claim in Count V.

**A.     Shotgun Pleading**

As a general rule, the Eleventh Circuit divides shotgun pleadings into four categories. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). It has explained that a shotgun pleading is one that:

> (1) contain[s] multiple counts where each adopts the allegations of all preceding counts; (2) [is] filled with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do[es] not separate each cause of action or claim into separate counts; or (4) assert[s] multiple claims against multiple defendants but do[es] not specify which defendant is responsible for which acts or omissions.

*Brown v. Air Line Pilots Assoc*, 813 Fed. App'x. 353, 355 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321-23 (11th Cir. 2015)). The common characteristic between all four types is the failure "to give defendants adequate notice of the claims against them and the grounds which each claim rests." *Weiland*, 792 F.3d at 1323.

TCC's Cross-claim and Counterclaim Complaint is a shotgun pleading of the first type described in *Weiland*. *Id.* TCC's counterclaim complaint contains five counts: two breach of contract claims against Ivan's Painting, a negligence claim against Ivan's Painting, a declaratory judgment claim against Frankenmuth, and a breach of contract claim against Frankenmuth. (Doc. # 11 at 12-16). Each of the five counts "incorporate[] by reference all previous paragraphs as if fully set forth herein." (*Id.*). This method of pleading improperly leaves Defendants (and the court) to guess as to which allegations pertain to which count. Further, Counts II through V not only incorporate every previous factual allegation but also the paragraphs defining the claims in each preceding count. The court will permit TCC to replead each count in its Cross-claim and Counterclaim Complaint in accordance with Rule 8.

B.      **Count IV: Declaratory Judgment**

Rule 12(f) provides, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice …." *Augustus*, 306 F.2d at 868. Generally, a motion to strike should be denied unless the challenged allegations in the complaint "have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Royal Ins. Co. of America v. M/Y Anastasia*, 1997 WL 608722 at *3. In other words, "it must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and

5

that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004) (citations omitted).

Here, Frankenmuth has not met this burden. Even assuming that Count IV is merely a mirror-image of Frankenmuth's declaratory judgment action, the record does not reflect adequate prejudice against Frankenmuth, and such a showing is necessary for a court to strike a counterclaim like this. Accordingly, Frankenmuth's motion to strike Count IV of TCC's Cross-Claim and Counterclaim Complaint under Rule 12(f) is due to be denied.

### C.     **Count V: Breach of Contract**

Frankenmuth next contends that TCC "cannot state a breach of contract claim … with respect to the remediation costs" for three reasons. (Doc. # 16 at 9). First, there has not been a final judgment against TCC or Ivan's Painting holding either one responsible for the damage to the window units. (*Id.*). Second, there has not been a settlement to which Frankenmuth has agreed. (*Id.*). And third, the remediation costs were agreed to before Frankenmuth made any coverage determination with respect to TCC's claim. (*Id.*). In each of these instances, Frankenmuth argues the policy does not provide for coverage.

Frankenmuth contends that the policy's language supports its arguments. It notes that the policy provides that, "[Frankenmuth] will pay those sums that the insured becomes legally obligated to pay []." (Doc. # 1-1 at 25). Frankenmuth also points to the "no action clause" in the policy, which provides that:

> No person or organization has a right under this Coverage Part:
>
>   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
>   b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

(Doc. # 1-1 at 35).

The court is not convinced. As the Eleventh Circuit has explained, when an insurer refuses to participate in settlement negotiations, "the insurer waives the right to assert the no-action clause in a later suit to determine coverage" under Alabama law. *Twin City Fire Ins. Co., Inc. v. Ohio Cas. Ins. Co., Inc.*, 480 F.3d 1254, 1258 (11th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. Wheelwright Trucking Co.*, 851 So. 2d 466, 475 (Ala. 2002)). In *Twin City*, an insurance company argued that a similar no action clause -- as well as a "becomes legally obligated to pay" clause -- precluded it from being responsible for paying a settlement under the policy. *Id.* at 1258-61. The Eleventh Circuit rejected that argument.

Frankenmuth tries to distinguish *Twin City* by stating that the settlement in *Twin City* occurred after two events: (1) the filing of an actual lawsuit that the carrier refused to defend and (2) a mediation that the insurer was invited to participate in but declined to do so. (Doc. # 24 at 7). At least on the pleadings, the court cannot say those factual differences are material.[1] If TCC invited Frankenmuth to participate in a settlement negotiation to which Frankenmuth had a right to participate, and Frankenmuth refused that invitation, then discovery would be necessary on the issue of whether Frankenmuth has waived both the no-action clause and "legally obligated" clause

---

[1] On the pleadings, it is unclear to the court the exact nature of the purported settlement talks (or lack thereof) between TCC, Ivan's Painting, and Frankenmuth. TCC's contention that "[it] has made several demands to Frankenmuth to provide coverage for the remediation costs and participate in settlement negotiations, but Frankenmuth has consistently maintained the position that there is no coverage available under the Frankenmuth Policy" (Doc. # 25-1 at 6) is supported by the allegations of TCC's counterclaim complaint. (Doc. # 11 at 12). So, those allegations are sufficient for this case to proceed past the pleadings to discovery. But, at the Rule 56 stage, the parties should focus on exactly what occurred leading up to and at the settlement negotiations.

with respect to those negotiations. Similarly, the court cannot at this stage conclude that the fact that TCC allegedly participated in settlement negotiations before the homeowners initiated a lawsuit -- or for that matter before mediation occurred -- materially distinguishes *Twin City*. TCC has alleged that (1) it invited Frankenmuth to settlement negotiations; (2) Frankenmuth refused that invitation; (3) Frankenmuth had a right to participate; and (4) Frankenmuth denied coverage for the payment of the settlement. That is sufficient for TCC to state a breach of contract claim, despite the existence of the no-action and "legally obligated" clauses.

### IV. Conclusion

The court concludes that Frankenmuth's motion is due to be granted in part and denied in part. TCC's Cross-claim and Counterclaim Complaint is a shotgun pleading that must be repleaded in accordance with Rule 8 (as interpreted by the Eleventh Circuit). But, Frankenmuth has failed to show that the inclusion of TCC's declaratory judgment claim will prejudice the parties or that under Alabama law the no-action clause in the policy bars a breach of contract claim under Rule 12(b)(6).

A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this November 3, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE