UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **FRANKENMUTH MUTUAL INSURANCE COMPANY,** | } } } |
| **Plaintiff,** | } } |
| v. | } Case No.: 7:21-CV-945-RDP } |
| **IVAN'S PAINTING LLC, et al.,** | } } } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This matter is before the court on the following motions: Owners Insurance Company's Motion to Intervene (Doc. # 31) and Plaintiff's Motion to Dismiss TCC's Counterclaim. (Doc. # 42). The motions are fully briefed (Docs. # 31, 37, 39, 40-42, 46-51) and ripe for decision. For the reasons explained below, Owners Insurance's motion is due to be granted and Plaintiff's motion is due to be denied.

**I.    Background**

TCC, Inc. was the general contractor for the construction of a new home in Tuscaloosa County. (Docs. # 1 at 10; 11 at 6). Ivan's Painting entered into a subcontract with TCC to perform the painting and cleaning of window units. (Doc. # 1 at 10). The subcontract required Ivan's Painting to purchase an insurance policy that named TCC as an additional insured. (Doc. # 32 at 2). Ivan's Painting provided TCC with a certificate of insurance that identified Frankenmuth Mutual Insurance Company as the insurer and verified that TCC was named as an additional insured. (*Id.* at 4).

Ivan's Painting allegedly damaged eighty-seven windows at the new construction site. (Docs. # 1 at 10; 32 at 7). The homeowners demanded that TCC replace the damaged windows.

(*Id.*). As a result, TCC and Ivan's Painting presented a claim to Frankenmuth for the cost of replacing the damaged window units. (Doc. # 1 at 11). Frankenmuth responded to the claims by indicating that TCC may qualify as an additional insured under the policy; however, it "effectively denied coverage." (Doc. # 32 at 7).

Frankenmuth filed this declaratory judgment action asking the court to declare that its policy does not provide coverage to either Ivan's Painting or TCC for "loss from or related to the damage to the window units." (Doc. # 1 at 15). TCC filed an answer and a counterclaim alleging two breach of contract claims against Ivan's Painting, a negligence claim against Ivan's Painting, a declaratory judgement claim against Frankenmuth, and a breach of contract claim against Frankenmuth. (Doc. # 11 at 12-15).

On November 3, 2021, the court denied (1) Frankenmuth's motion to strike TCC's declaratory judgment counterclaim and (2) its motion to dismiss TCC's breach of contract counterclaim against Frankenmuth. (Docs. # 29, 30). Nonetheless, the court recognized that TCC's Cross-claim and Counterclaim Complaint was a shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). (Doc. # 29). Accordingly, the court ordered TCC to file an amended complaint. (Doc. # 30). TCC filed an amended pleading on November 17, 2021. (Doc. # 32). TCC's Amended Cross-claim and Counterclaim Complaint asserts the same causes of action against Ivan's Painting and Frankenmuth. (Doc. # 32).

On that same date, November 17, 2021, Owners Insurance Company filed a motion to intervene. (Doc. # 31). Owners asserts that it is entitled to intervene as a matter of right (or, at least, to do so permissively) and that its intervention in the action will not destroy subject-matter jurisdiction. (*Id.*). Frankenmuth opposes Owners Insurance's motion to intervene. (Doc. # 40). However, in its initial response, Frankenmuth did not address the potential subject-matter

jurisdiction issue. (*Id.*). So, the court requested supplemental briefing on the issue. (*See* Docs. # 47, 49-51).

Also before the court is Frankenmuth's motion for partial dismissal of TCC's Amended Cross-Claim and Counterclaim Complaint. (Doc. # 42). Frankenmuth seeks the dismissal of TCC's breach of contract claim against Frankenmuth. (*Id.*). Frankenmuth argues that TCC failed to adequately allege damages resulting from the purported breach of contract and, thus, failed to state a cognizable breach of contract claim. (*See id.*).

**II.     Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense ... to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

## III. Analysis

After careful review, the court reaches the following conclusions. Notwithstanding the label that Owners Insurance has assigned to itself in its proposed intervenor-complaint, Owners is seeking to timely intervene as a defendant in this action. Also, TCC's Cross-claim and Counterclaim Complaint contains a well-pleaded count for breach of contract against Frankenmuth. Finally, the court concludes that Owners Insurance's motion to intervene is due to be granted and that Frankenmuth's motion to dismiss is due to be denied. The court begins the analysis by addressing the first point.

### A. Owners Insurance's Motion to Intervene

#### 1. Owners Insurance Is Permitted to Intervene Under Federal Rule of Civil Procedure 24(b).

Federal Rule of Civil Procedure 24(b) permits a party to intervene if, by timely motion, the party asserts "a claim or defense that shares with the main action a common question of law or fact." A principal consideration in applying this rule is whether intervention will "unduly prejudice

or delay the adjudication of the rights of the original parties." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002); *see also Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Ultimately, the decision to allow a party to permissively intervene is "wholly discretionary with the court." *Worlds v. Dep't of Health and Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).

Here, Plaintiff does not argue that Owners Insurance's motion is untimely. (*See* Doc. # 40).[1] Rather, Plaintiff contends that its proposed intervenor-complaint does not share questions of law and fact common to the current claims based on the purported differences between the Frankenmuth policy and the Owners policy. (*Id.* at 9-10). The court disagrees.

Of course, permitting Owners to intervene places the Owners policy at issue in this case. However, the contention that the Frankenmuth policy and the Owners policy are not identical does not lead to a conclusion that there is no common question of law or fact between Frankenmuth's original complaint and Owners Insurance's intervenor complaint. To the contrary, those two pleadings raise common questions of fact and law, and the same can be said about TCC's Amended Cross-claim and Counterclaim Complaint. In fact, there are *several* common questions of law and

---

[1] Nonetheless, the court affirmatively notes that Owners Insurance's motion is timely. In determining whether a motion to intervene is timely, a court should consider the following factors: "(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citing *Chiles v. Thornburgh*, 865 F.2d 1213, 1213 (11th Cir. 1989)). The same analysis applies whether the court is considering a motion for intervention as a matter of right or permissive intervention. *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983).

In this case, applying the four factors leads to the determination that Owners Insurance's motion is timely. Frankenmuth filed its declaratory judgment action on July 12, 2021. (Doc. # 1). TCC filed its Cross-claim and Counterclaim Complaint on August 25, 2021. (Doc. # 11). Owners alleges that it entered into an agreement with TCC and the homeowners in September 2021. (Doc. # 31-1 at 12). And, Owners filed its motion to intervene on November 17, 2021, the same day that TCC filed its amended complaint. (Docs. # 31, 32). Also, the court's Scheduling Orders provides that Plaintiff could join additional parties until January 28, 2022 (over two months after Owners actually filed its motion to intervene), and Defendants could join additional parties until February 14, 2022 (nearly three months after Owners filed its motion). Therefore, the court concludes that Owners Insurance's motion to intervene is timely.

fact that cut across all three complaints. The underlying facts related to all three complaints are identical: TCC was the general contractor for the construction of the home at issue; TCC subcontracted with Ivan's Painting; at some point during the construction, eighty-seven windows were damaged; and, under its contract with TCC, Ivan's was obligated to name TCC as an additional insured on its policy. (*See* Docs # 31-1, 32). There are also several common questions of law, including whether Frankenmuth is obligated to name TCC (or Owners by way of subrogation) under the Frankenmuth policy. (*See id.*). Therefore, Owners Insurance's intervention is appropriate under Rule 24(b).

### 2. The Claims that Owners Insurance Seeks to Advance in Intervention Fall Within the Supplemental Jurisdiction Granted to this Court Under 28 U.S.C. § 1367

Title 28 U.S.C. § 1367(a) is "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the districts courts would have original jurisdiction." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1310 (11th Cir. 2016) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005)). To be sure, Congress limited this broad grant of power through subsections (b) and (c) of the statute. Only the limits under subsection (b) are in play here, as the court sees no reason to decline supplemental jurisdiction pursuant to § 1367(c).

Section 1367(b) provides:

In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or *seeking to intervene as plaintiffs under Rule 24* of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b) (emphasis added). So, section 1367(b) includes two exclusions to supplemental jurisdiction: (1) claims *by plaintiffs* against persons made parties under Federal Rule of Civil Procedure 14, 19, 20, or 24 and (2) claims by persons proposed to be joined or seeking to intervene *as plaintiffs* under Federal Rule of Civil Procedure 19 or 24. Neither exclusion applies here.

The claims in Frankenmuth's Complaint and TCC's Amended Cross-claim and Counterclaim Complaint are based on § 1332 (diversity jurisdiction); therefore, this court would not have subject-matter jurisdiction over claims asserted by an intervening plaintiff that would be inconsistent with diversity jurisdiction. However, Owners is seeking to intervene as a defendant (and assert claims against Frankenmuth).

Section 1367(b)'s first exclusion "refers to claims by only the original plaintiffs to the action—not third-party plaintiffs, counter plaintiffs, or cross plaintiffs." *PTA-FLA*, 844 F.3d at 1311 (emphasis in original). Therefore, § 1367(b)'s first exclusion would only apply to claims made by Frankenmuth in the current action. That leaves only the question about proper application of the second exclusion -- specifically whether Owners is a party seeking to intervene as a plaintiff.

Labels assigned or even the designations made by the parties are not controlling. Rather, it is emphatically the role of the district court to properly align the parties according to their interests before determining jurisdiction. *See City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313-14 (11th Cir. 2012). Here, while Owners labelled itself as an "Intervenor Plaintiff," it is clear that Owners Insurance's interests are aligned most closely with TCC. After all, Owners Insurance's proposed intervenor-complaint is nearly identical to TCC's Amended Cross-claim and Counterclaim Complaint. (*Compare* Doc. # 30 *with* Doc. # 31-1). Therefore, Owners is properly characterized as an intervenor defendant/counter-plaintiff.

The closest case in the Eleventh Circuit seems to be *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221 (11th Cir. 2013). In that case, the plaintiff, Flintlock Construction, was a general contractor. Flintlock Construction sued an insurance company and its subsidiary. Subsequently, the developer, Well-Come Holdings, sought to intervene as an additional insured under Flintlock Construction's policy with the defendants. *Flintlock*, 710 F.3d at 1222. In its intervenor-complaint, Well-Come Holdings brought claims against Flintlock Construction and the defendant-insurance companies. Well-Come Holdings was diverse from the insurance companies but not from Flintlock Construction. The Eleventh Circuit held that it (and the district court) lacked subject-matter jurisdiction over Well-Come Holdings's claims against Flintlock Construction. In doing so, the panel looked at § 1367(b)'s exclusion over claims by persons seeking to intervene as plaintiffs. *Id.* at 1224, 1224 n.6. While not explicitly stated, it is readily apparent that the Eleventh Circuit aligned Well-Come Holdings as a plaintiff with Flintlock Construction, *see id.* at 1223, 1223 n.6 (labelling Well-Come Holdings's claims against Flintlock Construction as cross-claims and the claims by the defendant insurance companies against Well-Come Holdings as counterclaims),[2] and noted that Well-Come Holdings's inclusion would be improper.

The distinction between *Flintlock* and the current action is that Owners Insurance is <u>not</u> properly aligned as a plaintiff because, quite clearly, its interests are aligned with *Defendant* TCC. That distinction is dispositive here because § 1367(b) only excludes claims brought by persons seeking to intervene as a plaintiff. Owners is an intervenor-defendant, and, thus, its counterclaims are not excluded by § 1367(b).

---

[2] The Eleventh Circuit labelled Flintlock Construction's claims against Well-Come Holdings as a counterclaim on one occasion. *Id.* at 1225. However, this court notes that Well-Come Holdings's interest were aligned with Flintlock Construction, the original plaintiff. So, Well-Come Holdings was an intervening-plaintiff.

8

### B. Frankenmuth's Motion to Dismiss

This motion represents Frankenmuth's second attempt to have TCC's breach of contract claim dismissed. (*See* Doc. # 16 at 9-14). Previously, Frankenmuth argued that the policy did not allow for the recovery of remediation costs under the alleged facts. (*Id.*). The court denied Frankenmuth's first motion to dismiss, explaining:

> TCC has alleged that (1) it invited Frankenmuth to settlement negotiations; (2) Frankenmuth refused that invitation; (3) Frankenmuth had a right to participate; and (4) Frankenmuth denied coverage for the payment of the settlement. That is sufficient for TCC to state a breach of contract claim, despite the existence of the no-action and "legally obligated" clauses.

(Doc. # 29 at 8). In the current motion, Frankenmuth tosses in an additional argument that TCC failed to adequately plead damages stemming from the alleged breach. (*See* Doc. # 42). That argument misses the mark.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Dupree v. PeoplesSouth Bank*, 308 So. 3d 484, 490 (Ala. 2020). The general rule is that "[d]amages for breach of a contract should restore the injured party to the condition he would have occupied if the contract had not been violated, or had been fully performed." *Coastal States Life Ins. v. Gass*, 180 So. 2d 255, 258 (Ala. 1965).

In its Amended Cross-claim and Counterclaim Complaint, TCC alleges that Owners "paid for *most* of the repair work" but that "TCC also incurred expenses associated with the repair work and incurred legal expenses that should have been paid by Frankenmuth." (Doc. # 32 at 9) (emphasis added). In other words, TCC alleges that it had not been made whole from Frankenmuth's alleged breach, despite the payment from Owners. When the court reads the allegations in a pleading, it assumes the veracity of the well-pleaded factual assertions. Viewing

the Amended Cross-claim and Counterclaim Complaint in this light, it is clear that TCC has sufficiently pleaded a breach of contract claims against Frankenmuth.

## IV. Conclusion

The court concludes that Owners Insurance's motion to intervene is due to be granted and that Plaintiff's motion to dismiss is due to be denied.

A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this March 3, 2022.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE